PROSKAUER ROSE LLP
Alychia L. Buchan
One Newark Center
Newark, New Jersey 07102-5211
Telephone:  973.274.3200
Fax:  973.274.3299
abuchan@proskauer.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------- X
THERESA LUCERTO,                   :   Civil Action No.:
                                   :
         *Plaintiff*,              :
                                   :   **NOTICE OF REMOVAL**
     v.                            :
                                   :
FMR, A/K/A FIDELITY INVESTMENTS,   :
FIDELITY MANAGEMENT TRUST CO.,     :
                                   :
         *Defendant*.              :   (New Jersey Superior Court, Monmouth
                                   :   County, Law Division, Special Civil
                                   :   Part, Docket No.:  DC-020009-10)
                                   :
                                   :   Document Electronically Filed
                                   :
                                   :
---------------------------------- X

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331 and 1441, Fidelity Investments Institutional Operations Company, Inc. ("Defendant"), incorrectly identified in the Complaint as "FMR, A/K/A Fidelity Investments, Fidelity Management Trust Co.", by and through its attorney, Proskauer Rose LLP, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, where it is now pending.

1

Defendant, by and through its undersigned counsel, respectfully states the following as grounds for removal of this action:

1. This civil action, entitled, *"Theresa Lucerto v. FMR, aka Fidelity Investments, Fidelity Management Trust Co."* was filed on September 28, 2010, in the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, Docket Number DC-020009-10.

2. On October 11, 2010, Defendant received the summons and a copy of the "Complaint" by regular, U.S. mail.

3. Pursuant to 29 U.S.C. § 1446(a) and Local Rule 5.1(e), true and correct copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit A.

4. This Notice of Removal has been filed within thirty (30) days of receipt by the Defendant of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

5. Theresa Lucerto ("Plaintiff") asserts claims against Defendant relating to the administration of the pension benefits she accrued under her DHL Retirement Savings Plan, for which Defendant provides certain recordkeeping services. *See* Exhibit A, Complaint ¶¶ 1, 3, 6-7, 9. Plaintiff seeks restitution for Defendant's allegedly improper servicing of Plaintiff's 401(k) Retirement Plan assets. *Id*. at ¶¶ 1, 9 ("As a result of Defendant's tortuous conduct, by April 2009 . . . the value of Plaintiff's IRA was reduced to $16,024 [from the $23,162.34 in her 401(k) account around March 2008].").

6. Plaintiff's claims seek equitable restitution for Defendant's allegedly improper administration of Plaintiff's 401(k) account, and thus arise under an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2).

7. Pursuant to Section 502(a)(3) of ERISA, "A civil action may be brought by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress

2

such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Plaintiff's claims seeking equitable restitution for Defendant's allegedly improper administration of her 401(k) plan account arise exclusively under ERISA § 502(a), 29 U.S.C. § 1132(a).  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

8. Plaintiff's Complaint, arising under ERISA § 502(a), is necessarily federal in character and completely preempted by ERISA, resulting in conferral of original jurisdiction on the federal courts.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) ("[S]tate law causes of action that are 'within the scope of . . . § 502(a)' are completely pre-empted and therefore removable to federal court[; and a] case is removable . . . if (1) [Plaintiff] could have brought [his] claim under § 502(a), and (2) no other legal duty supports [his] claim.") (citations omitted).

9. ERISA's preemptive power is so strong that all claims that relate to employee benefit plans are automatically re-characterized as federal in nature, and are, therefore, removable to United States District Courts under the "complete preemption" doctrine, despite the fact that the Complaint was filed in state court and purports to assert only state law claims.  *E.g., Pascack Valley Hosp.*, 388 F.3d at 400 (explaining, "ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"); *see also Kurtek v. Capital Blue Cross*, 219 F. App'x 184, 186-87 (3d Cir. 2007) (holding state law claim challenging plan administration (specifically, the delay in awarding benefits) was completely preempted).

10. The Supreme Court in *Metropolitan Life* specifically abrogated, in ERISA cases, the principle that in determining removal jurisdiction, district courts should consider only a plaintiff's well-pleaded complaint. *Davila*, 542 U.S. at 207. A cause of action filed in state court which is preempted by ERISA is removable to federal court under 28 U.S.C. § 1441 whether or not the ERISA-related nature of the action appears on the face of the Complaint. *See id*.; *Metropolitan Life*, 481 U.S. at 67.

11. The district courts of the United States have original jurisdiction over claims brought under ERISA. *See* ERISA Section 502(e), 29 U.S.C. § 1132(e); and 28 U.S.C. § 1331. Therefore, as a civil action founded on right or claim arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

12. The allegations in Plaintiff's Complaint are sufficient to bring this case within the provisions of ERISA, which provides the exclusive remedy for actions within its scope and preempts all other remedies, because the allegations relate to the payment of ERISA governed pension benefits. Thus, removal of this case to federal court is proper. *Metropolitan Life*, 481 U.S. at 58.

13. A copy of this Notice of Removal will be filed with the Clerk of Court of the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, as required by 28 U.S.C. § 1446(d).

14. Promptly after the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be given to Plaintiff as required by 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

16. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant respectfully prays that this action proceed in this Court as a matter properly removed thereto.

Dated:  November 9, 2010              PROSKAUER ROSE LLP

By:    /s/   Alychia L. Buchan
Alychia L. Buchan
One Newark Center
Newark, New Jersey 07102-5211
Phone: 973.274.3200
Fax:  973.274.3299
abuchan@proskauer.com
*Attorney for Defendant*